**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>OP Hotel LLC, David Nedunilam, and Jane Doe Nedunilam,<br><br>Defendants. | No. CV-23-01166-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Best Western International Inc.'s Motion for Default Judgment against Defendants OP Hotel LLC and David Nedunilam. (Doc. 16). The Court now rules on the motion.

**I.    BACKGROUND**

On June 23, 2023, Plaintiff filed a complaint against Defendants for breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 1). Plaintiff alleges that Defendants breached a Best Western Membership Agreement ("Membership Agreement") and failed to pay the outstanding balance as required by the Membership Agreement and Regulatory Documents. (*Id.* at 7). Defendants failed to file an answer or response. Upon Plaintiff's application, the Clerk of the Court entered default against Defendants OP Hotel and David Nedunilam on October 19, 2023. (Doc. 14). On December 22, 2023, Plaintiff filed the pending Motion for Default Judgment on Count I of the Complaint for breach of contract. (Doc. 16).

## II. DISCUSSION

Typically, in deciding whether to grant a motion for default judgment, the Court would consider the factors laid out in *Eitel v. McCool*, 782 F.2d 1470, 1471–71 (9th Cir. 1986). However, Plaintiff has named Jane Doe Nedunilam in its Complaint, (Doc. 1), and does not seek default against Jane Doe. Plaintiff also has multiple claims in its Complaint but has only moved for default on breach of contract. The Court cannot determine that there is no just reason for delay for entering partial judgment under Federal Rule of Civil Procedure 54(b).[1] Accordingly, Plaintiff's Motion is denied without prejudice.

Even if there was not the Rule 54(b) issue with Jane Doe and multiple claims, the Court has serious concerns about personal service on Defendant David Nedunilam. The following is an excerpt from the process server, giving details of the service of Mr. Nedunilam:

> Service Details: Sept. 1, 2023, 4:39 pm: This is a large house with a gate surrounding the estate. There is no intercom to contact the residents at the entrance. A female happened to be leaving on foot at the gate while I was there[,] and I contacted her at that time. She stated that she lived there but would not provide a first name. She would not confirm if the defendant lived there or not and any relationship to him or his family. She confirmed that the defendant's family lives there[,] but that is all the information she would provide, along with her last name, Joseph. No vehicles were observed at the property. I served her with both sets of documents, for David Nedunilam and Jane Doe Nedunilam.

---

[1] Moreover, in another case, this Court has stated:
> The Court has entered default judgment against "Jane Doe Simpson" at Plaintiff's request. The Court does not believe a judgment can be collected against a fictitious party, and this Order does not alter that reality. However, the Court will not spend any more time or effort on this default judgment to educate counsel on how to proceed procedurally. Plaintiff's counsel has already been instructed how to correctly proceed in these circumstances. *See Aguirre v. Custom Image Pros LLC*, CV-419-PHX-ROS, Doc 13 (D. Ariz. Oct. 13, 2023) (explaining to Plaintiff's counsel how to seek default against Jane Doe Simpson specifically). Thus, if Plaintiff's counsel is satisfied with what appears to the Court to be an uncollectible judgment, the Court will not preclude the same.

*Peralta v. Custom Image Pros LLC et al.*, No. CV-23-00358-PHX-JAT, 2023 WL 8455120, at *5 n.3 (D. Ariz. Dec. 6, 2023).

(Doc. 11). Plaintiff must explain to the Court its basis for why it believes that Defendant David Nedunilam lives at the residence where service was executed.

### III.     CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. 16), is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff must show cause why the entry of default against Defendant David Nedunilam should not be vacated for failure to properly serve. Plaintiff will have fourteen (14) days from the date of this Order to show cause.

Dated this 22nd day of April, 2024.

_____
James A. Teilborg
Senior United States District Judge