**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated, | No. CV-23-01166-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| OP Hotel LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Best Western International Inc.'s ("Plaintiff") Motion for Default Judgment against Defendants OP Hotel LLC and David Nedunilam (collectively "Defendants"). (Doc. 21). The Court now rules on the motion.

**I.   BACKGROUND**

On June 23, 2023, Plaintiff filed a complaint against Defendants for breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 1). Plaintiff alleges that Defendants breached a Best Western Membership Agreement ("Membership Agreement") and failed to pay the outstanding balance as required by the Membership Agreement and Regulatory Documents. (*Id.* at 7). Defendants failed to file an answer or response. Upon Plaintiff's application, the Clerk of the Court entered default against Defendants on October 19, 2023. (Doc. 13). On December 22, 2023, Plaintiff filed a Motion for Default Judgment on Count I of the Complaint for breach of contract. (Doc. 16). The Court denied this motion without prejudice, citing concerns with service of process, the fact that Plaintiff only moved for default judgment on one of the claims in the

1  Complaint, and an issue with Plaintiff only moving for default against one defendant. (Doc.
2  17). The Court ordered Plaintiff to show cause on the service of process issue. (*Id.*) Plaintiff
3  filed a Response to the Court's Order to Show Cause, (Doc. 18), and the Court deemed
4  cause to have been shown, (Doc. 19). Plaintiff voluntarily dismissed its claim against
5  Plaintiff Jane Doe on August 12, 2024. (Doc. 20). Pending before the Court is Plaintiff's
6  Motion for Default Judgment as to OP Hotel LLC and David Nedunilam for breach of
7  contract and breach of the implied covenant of good faith and fair dealing. (Doc. 21).

## II. DEFAULT JUDGMENT

Once the Clerk has entered default, a court may, but is not required to, grant default judgment under Rule 55(b) on amounts that are not for a sum certain. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). In considering whether to enter default judgment, a court may consider the following factors:

> (1) The possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When considering these factors, a defendant is deemed to have admitted all well-pleaded allegations in the complaint but does not admit allegations related to damages or those that do no more than "parrot" the elements of a claim. *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). Upon consideration of the *Eitel* factors, the Court concludes that entry of default judgment against Defendants is proper.

### A. Possibility of Prejudice

A possibility of prejudice exists when the failure to enter default judgment denies a plaintiff judicial resolution of the claims presented or leaves him without other recourse for recovery. *Elektra Entm't Grp., Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005). Plaintiff provided services to Defendants pursuant to the Membership Agreement for which

Defendants have failed to pay the $188,538.19[1]. (Doc. 1 at 7). Plaintiff attempted to resolve the matter without judicial involvement by sending demand letters and entering payment plans with Defendants. (*Id.* at 6–7). Defendants' failure to remit payment and failure to respond makes it likely Plaintiff will be left without recourse if default judgment is not granted. Therefore, this factor weighs in favor of granting the motion.

### B. Merits of Plaintiff's Substantive Claim and Sufficiency of Complaint

"The second and third *Eitel* factors address the substantive merits of the claim and the sufficiency of the complaint and are often analyzed together." *Joe Hand Promotions, Inc. v. Garcia Pacheco*, No. 18-cv-1973-BAS-KSC, 2019 WL 2232957, at *2 (S.D. Cal. May 23, 2019). The Ninth Circuit has suggested that these two factors favor entering judgment when a plaintiff has "state[d] a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Count I of Plaintiff's complaint is a claim for breach of contract. "The elements of a breach of contract claims are (1) a contract exists, (2) breach of the contract, and (3) resulting damages." *Granite State Ins. Co. v. CME Pro. Servs. LLC*, 2019 WL 399923, at *3 (D. Ariz. Jan. 31, 2019) (citing *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004)).

Here, Defendant OP Hotel entered into a Membership Agreement with Plaintiff Best Western on January 6, 2018. (Doc. 1 at 2). OP Hotel initially designated Jasmit Chadha as Voting Member, but then replaced Chadha with Defendant Nedunilam in January 2019. (*Id.* at 5). As Voting Member, Defendant Nedunilam agreed to be jointly and severally liable to Plaintiff pursuant to the Membership Agreement. (*Id.*) Plaintiff has alleged that in the Membership Agreement, Defendants agreed to pay Plaintiff for fees, dues, charges and assessments, and costs of all goods or services provided or ordered through Best Western,

---

[1] On January 25, 2023, Plaintiff sent a demand letter to Defendants showing $178,590.12 due for pretermination services and accrued interest as of that date. (Doc. 1 at 7). Interest has accrued and continues to accrue on the outstanding balance at 1.5% per month. (Doc. 16 at 3 n.1; Doc. 1 at 8). The $188,538.19 reflects the amount sought by Plaintiff as of June 1, 2023. (Doc. 1 at 8).

including interest at a rate of 1.5% per month for all past due amounts. (*Id.* at 3–5, 8). Plaintiff further alleges Defendants breached this contract by failing to satisfy various requirements in accordance with the Membership Agreement and Regulatory Documents, including that Defendants have refused and continue to refuse to pay Best Western the amounts due and owing as required by the Membership Agreement. (*Id.* at 7–8). On September 23, 2022, Plaintiff terminated Defendants for failing to comply with the Membership Agreement and Regulatory Documents. (*Id.* at 7). Following the termination, Plaintiff sent notice to Defendants to make arrangements for Defendants to satisfy the outstanding balances owed on the Best Western account. (*Id.*) Best Western continued to send Defendants an invoice each month showing outstanding sums, with interest. (*Id.*; Ex. I, October 2022 to May 2023 Monthly Statements; Ex. K, June 2023 Monthly Statement). As discussed above, Defendants have failed to pay the $188,538.19 plus interest that is owed in accordance with the Membership Agreement as of June 1, 2023. (Doc. 1 at 8). Accordingly, Plaintiff has plausibly shown the existence of a contract, breach of the contract, and resulting damages such that the second and third *Eitel* factors favor entry of default judgment.

### C.  Sum at Stake

"Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of [a defendant's] conduct." *Bankers Ins. Co. v. Old W. Bonding Co.*, No. CV11-1804 PHX DGC, 2012 WL 2912912, at *2 (D. Ariz. July 16, 2012). If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). A district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993).

Here, Plaintiff seeks damages pursuant to the Membership Agreement, including all fees, dues, charges, assessments imposed generally on the Membership by the Board, and all goods and services provided by or ordered through Best Western. (Doc. 1 at 3). The requested damages include fees for services provided to Defendants by Plaintiff prior to

cancellation as specified in the Membership Agreement and interest as specified in the Membership agreement. (*Id.* at 7). Plaintiff requests damages in the amount of $188,538.19 plus interest. (*Id.* at 8; Doc. 21 at 4). The Court finds that the stated damages are not unreasonable or inappropriate based on the Membership Agreement. Accordingly, this factor weighs in favor of entering default judgment.

### D. Possibility of Disputed Material Facts

In analyzing the fifth *Eitel* factor, the Court considers the likelihood of a dispute concerning material facts. *Eitel*, 782 F.2d at 1471–72. Considering the allegations that are now deemed admitted and the documentary evidence that Plaintiff has submitted, "no genuine dispute of material facts would preclude granting Plaintiff's motion." *See PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. Thus, this factor weighs in favor of granting the motion.

### E. Excusable Neglect

In the sixth *Eitel* factor, the Court evaluates whether the Defendants' failure to answer or defend is due to excusable neglect. *See Eitel*, 782 F.2d at 1472. On this record, little possibility exists that Defendants' default resulted from excusable neglect because Defendants were duly served.[2] (Doc. 9). Further, no other facts indicate that default is attributable to excusable neglect. Consequently, this factor weighs in favor of granting motion.

### F. Policy Favoring Decisions on the Merits

Although it is true that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel*, 782 F.2d at 1472, that is made "impractical, if not impossible," when a defendant fails to answer, *PepsiCo., Inc.*, 238 F. Supp. 2d at 1177. "Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Id.* Here, Defendants have not answered or otherwise appeared in this case. (Doc. 21 at 7). Thus, this factor does not preclude entering default judgment against Defendants.

---

[2] Plaintiff showed cause, (Docs. 18, 19), and has satisfied the Court's concerns about the sufficiency of service.

### G. Conclusion

On balance, the *Eitel* factors weigh in favor of granting Plaintiff's motion for default judgment. Having concluded that entry of default judgment is appropriate under the circumstances, the Court will now turn to evaluate Plaintiff's request for damages in the amount of $188,538.19 (plus pre- and post-judgment interest).

## III. DAMAGES

Plaintiff requests $188,538.19 as of June 1, 2023, in damages against Defendants OP Hotel LLC and David Nedunilam. (Doc. 21 at 8). Additionally, Plaintiff requests pre-judgment interest at a rate of 1.5% per month accruing from July 1, 2023, until the date of entry of default judgment. (*See id.* at 4, n.1). Plaintiff also requests these amounts be augmented further by post judgment interest pursuant to 28 U.S.C. § 1961. (*See Id.* at 7).

"The well-established rule in Arizona is that the damages for breach of contract are those which arise naturally from the breach itself or which may reasonably be supposed to have been within the contemplation of the parties at the time they entered into the contract." *S. Ariz. Sch. for Boys, Inc. v. Chery*, 580 P.2d 738, 741 (Ariz. Ct. App. 1978). Here, the Membership Agreement provides that these damages were within the contemplation of the parties when they entered into the agreement. (Doc 1-2 at 2–3). Default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiff's motion does not differ in kind or amount from what was pleaded in the Complaint. (*See* Doc. 1 at 7–8; Doc. 21 at 4, 8). A damages calculation is appropriate in an entry for default judgment when "the amount claimed is a liquidated sum or capable of mathematical calculation." *Million v. Pindernation Holdings LLC*, No. CV-23-00072, 2023 WL 2813684, at *5 (D. Ariz. Apr. 6, 2023) (quoting *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981)). In this action the requested damages are capable of mathematical calculation because they are comprised of fees, dues, charges and assessments, and costs of all goods or services provided or ordered through Best Western. (Doc 1-2 at 2–3). Additionally, the Membership Agreement identified an interest rate of 1.5% per month for all past due amounts (extending from the due date until the balance is paid). (*Id.*). Plaintiff

has sufficiently established the requested damages. Accordingly, the Court finds the requested damages award of $188,538.19 plus pre- and post-judgment interest appropriate.

## IV. ATTORNEYS' FEES

Lastly, the Court considers Plaintiff's request for attorneys' fees pursuant to the terms of the Membership Agreement. Plaintiff states that it intends to file a motion for attorneys' fees and costs, should the Court grant default judgment. (*See* Doc. 21 at 8). Following this award of Default Judgment, the Court will allow Plaintiff to move for reasonable attorneys' fees pursuant to Local Rule of Civil Procedure 54.2.

## V. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** the Plaintiff's motion for default judgment, (Doc. 21), is **GRANTED**. The Clerk of the Court shall enter Judgment for Plaintiff Best Western International Incorporated in the amount of $188,538.19 against Defendants OP Hotel LLC and David Nedunilam, jointly and severally, plus pre-judgment interest accruing monthly at a rate of 1.5% from July 1, 2023, until the date of the entry of judgment and post-judgment interest at the applicable statutory rate.

**IT IS FURTHER ORDERED** that Plaintiff may submit a motion for attorneys' fees as specified above within 14 days of the date of this order; a bill of costs may also be filed at that time in accordance with Local Rule of Civil Procedure 54.1.

Dated this 23rd day of August, 2024.

James A. Teilborg
Senior United States District Judge