**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated, | No. CV-23-01166-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| OP Hotel LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Best Western International Incorporated's ("Best Western") Motion for Attorney Fees. (Doc. 24). Defendants OP Hotel LLC and David Nedunilam ("Defendants")[1] did not file a response.

**I.   BACKGROUND**

On June 23, 2023, Plaintiff filed a complaint against Defendants for breach of contract and breach of the implied covenant of good faith and fair dealing. (Doc. 1). Plaintiff alleges that Defendants breached a Best Western Membership Agreement ("Membership Agreement") and failed to pay the outstanding balance as required by the Membership Agreement and Regulatory Documents. (Doc. 1 p. 7). Defendants failed to file an answer or response. Upon Plaintiff's application, the Clerk of the Court entered default against Defendants on October 19, 2023. (Doc. 13). The Court granted the Plaintiff's motion for default judgment against Defendants on August 26, 2024. (Doc. 22). On September 9, 2024, Plaintiff filed the instant motion for attorneys' fees under A.R.S. §

---

[1] Best Western voluntarily dismissed its claim against Defendant Jane Doe Nedunilam. (Doc. 20).

12-341, A.R.S. § 12-341.01, and the Membership Agreement. (Doc. 24). Plaintiff requests $6,270.00 in attorneys' fees and $822.60 in court costs. (Doc. 24 p. 3).

## II.   ATTORNEYS' FEES

### a. Entitlement

"[F]ederal courts in diversity actions apply state law with regard to . . . attorneys' fees." *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985) (citing *Schultz v. Lamp*, 591 F.2d 1268, 1272 (9th Cir. 1978)). Under Arizona law, "[w]here a contract provides for an award of fees to the prevailing party, . . . the Court [is required] to honor that provision and award fees as stipulated in the agreement." *Nat'l Bank of Ariz. v. Munn*, No. CV-10-1118-PHX-NVW, 2010 WL 5067697, at *1 (D. Ariz. 2010) (citing *McDowell Mountain Ranch Comm. Assoc. v. Simons*, 216 Ariz. 266, 269 (Ariz. Ct. App. 2007)) (finding it "well-settled in Arizona that '[c]ontracts for payment of attorneys' fees are enforced in accordance with the terms of the contract'"); *see also Dorn v. Robinson*, 158 Ariz. 279, 287 (Ariz. Ct. App. 1988) (awarding prevailing party attorneys' fees where they were provided for by contract).

Here, Defendants are contractually obligated to pay Plaintiff "all attorney's fees, costs and expenses incurred by Best Western in connection with the breach or violation" of the Membership Agreement.[2] The Court will honor that provision and finds that Plaintiff is entitled to all *reasonable* attorneys' fees, costs, and expenses, as stipulated in the Membership Agreement.[3]

### b. Reasonableness

The fees sought by Plaintiff must be reasonable. *See generally Schweiger v. China*

---

[2] The Membership Agreement provides that:
> "In the event that Member breaches any obligation to Best Western, Member is liable to Best Western for all attorneys' fees, costs and expenses incurred by Best Western in connection with the breach or violation, whether or not suit is filed."

(Doc. 1-2 p. 7).

[3] Because the Court decides this action based on the Membership Agreement between the parties, the Court does not need to undergo analysis based on A.R.S. §§ 12-341 and 12-341.01.

*Doll Rest., Inc.*, 138 Ariz. 183 (Ariz. Ct. App. 1983). When determining whether a fee award is reasonable, the Court must consider the hourly fee and the number of hours worked. *Id.; Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987).

### i. Hourly Billing Rate

"The beginning point in a development of a reasonable fee is the determination of the actual billing rate which the lawyer charged in the particular matter." *Schweiger*, 138 Ariz. at 188. "[T]he affidavit submitted in connection with an application for fees must indicate the agreed upon hourly billing rate between the lawyer and the client for the services performed." *Id.* The prevailing market rate in the community is indicative of a reasonable hourly rate. *Jordan*, 815 F.2d at 1262.

Papetti Samuels Weiss McKirgan LLP ("PSWM") represented Best Western in this matter. Jennifer Lee-Cota, the attorney who billed the most hours on this case, provided a Declaration. (Doc. 24-1 p. 2-4). In that Declaration, Ms. Lee-Cota averred that "PSWM's standard hourly rates are based upon the prevailing rates charged by attorneys in the community with comparable backgrounds, experience, and ability." (Doc. 24-1 p. 3). Per the Declaration, PSWM billed at a rate of $275 for non-partners and increased the rate for partners to $350. (Doc. 24-1 p. 3). Movant states that Best Western "agreed to and paid these rates," as evidenced by "the engagement letter sent to Best Western." (Doc. 24-1 p. 3). However, in that engagement letter, the rates were specified as $275 per hour for partners and associates. (Doc. 24-1 p. 13). The letter also said that if PSWM should "determine that an increased fee is warranted, [PSWM] will provide notice and discuss the matter with [Best Western] before implementing the increased fee." (Doc. 24-1 p. 13). PSWM did not submit evidence of "notice" provided to Best Western of the increased fee for partners (from $275 to $350). As such, the Court will use $275 per hour as the billing rate for partners and associates (the rate quoted to Best Western in the engagement letter). PSWM separately charged $150.00 per hour for billed services of a paralegal. (Doc. 24-1 p. 3). The Court finds the billable rates, as adjusted by the Court, reasonable and any fees awarded herein will be pursuant to the rates above.

PSWM charged 9.3 hours at the rate of $350 per hour, for a total of $3,255. Per the Court's analysis above, the Court will adjust those 9.3 hours to be at a rate of $275 per hour, for a total of $2,557.50. The overall award is thereby reduced by $697.50 ($3,255 minus $2,557.50) and the total amount of attorneys' fees awarded is $5,572.50 ($6,270 originally requested minus $697.50).

### ii. Hours Reasonably Expended

In analyzing the reasonableness of hours expended, the Court looks to the number of hours that would be expended by a "reasonable and prudent lawyer." *Schweiger*, 138 Ariz. at 188. Further, "[i]n order for the court to make a determination that the hours claimed are justified, the fee application must be in sufficient detail to enable the court to assess the reasonableness of the time incurred." *Id.* An award may also be reduced for hours not "reasonably expended." *Id.*

After review of the Task-Based Itemized Statement of Fees and Expenses, (Doc. 24-1 p. 15-16), the Court is satisfied that the hours billed are not excessive. PSWM "litigated this matter efficiently to reduce costs, filing only a complaint, motions relating to service, and default-related paperwork." (Doc. 24 p. 2). PSWM did all of this in less than 24 hours of billed time. (Doc. 24-1 p. 16). There is no reason to doubt that the entries accurately reflect the amount of time spent on each activity and the entries provide a sufficient level of detail. Accordingly, this Court finds that PSWM expended a reasonable number of hours in pursuing this present action.

### III. COSTS

Plaintiff additionally seeks to recover the complaint filing fee of $402 and the costs of service for $420.60. (Doc. 24-2 p. 2). Both costs Plaintiff seeks are listed in the local rule (and corresponding statutory provisions which the local rule incorporates) as taxable costs. *See* Doc. 22 p. 7; L.R. Civ. 54.1(e). As such, the Court finds it most appropriate for Plaintiff to seek recovery of these costs through the procedure delineated in L.R. Civ. 54.1(a), except that the Court extends the deadline as follows: Plaintiff must file the bill of costs within fourteen days of the entry of this Order.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney Fees (Doc. 24) is **GRANTED** in the amount of $5,572.50 in attorneys' fees plus post-judgment interest at the federal statutory rate listed in 28 U.S.C. § 1961 from the date of the judgment until paid in full.

**IT IS FURTHER ORDERED** that, should Plaintiff seek costs, Plaintiff must do so pursuant to L.R. Civ. 54.1(a), within 14 days of this Order.

Dated this 30th day of September, 2024.

*James A. Teilborg*
Senior United States District Judge